UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLORIA J. THOMAS-WISE, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 3460 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| NATIONAL CITY MORTGAGE CO./PNC BANK, N.A., KONDAUR CAPITAL CORP., MORTGAGE ELECTRONIC REGISTRATION SYSTEM, also known as MERS, PIERCE & ASSOCIATES, P.C., and JOHN KNOPIC, II, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Believing that Gloria Thomas-Wise had defaulted on her mortgage, PNC Bank (successor by merger to National City Mortgage Co., which originated the loan) initiated foreclosure proceedings against her in state court. Doc. 28 at ¶¶ 3, 8-10. More than two years later, Thomas-Wise filed this suit against PNC, its lawyer (John Knopic, II) and law firm (Pierce & Associates, P.C.), Kondaur Capital Corporation, and MERS (the Mortgage Electronic Registration System). Doc. 1. After Defendants moved to dismiss the complaint, Docs. 10, 13, 20, Thomas-Wise sought and obtained leave to file an amended complaint, Doc. 24. The amended complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the United Nations' Charter and Universal Declaration of Human Rights. Doc. 28. PNC, Pierce, and Kondaur/MERS have moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended complaint. Docs. 32, 34, 37. PNC's and Kondaur/MERS's motions are granted, Pierce's motion is granted in part and denied in part.

1

**Background**

On a motion to dismiss under Rule 12(b)(6), the court must accept the amended complaint's well-pleaded factual allegations, with all reasonable inferences drawn in Thomas-Wise's favor, but not its legal conclusions. *See Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012). The court must also consider "documents attached to the [amended] complaint, documents that are critical to the [amended] complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Thomas-Wise's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The facts are set forth as favorably to Thomas-Wise as those materials permit. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

In April 1999, Thomas-Wise obtained a mortgage from National City to purchase a house in Chicago. Doc. 28 at ¶¶ 3, 6. Section 9(a) of the mortgage agreement provides that the "Lender may, except as limited by regulations issued by the Secretary [of Housing and Urban Development], in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if" certain conditions are met. Doc. 11-1 at 5 (mortgage agreement, referenced in Thomas-Wise's amended complaint, Doc. 28 at ¶ 7, and response brief, Doc. 40 at 7). Section 9(d) reiterates: "This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary." Doc. 11-1 at 6.

In 2011, claiming that Thomas-Wise was in default, PNC, having succeeded (by merger) National City in interest, initiated foreclosure proceedings against Thomas-Wise in the Circuit Court of Cook County, Illinois. Doc. 28 at ¶¶ 3, 8-10; Doc. 40-1 (foreclosure complaint). PNC was represented by attorney Knopic of the Pierce law firm. Doc. 28 at ¶¶ 4, 5, 11; Doc. 40-1 at

6. One or more of the defendants alerted credit reporting agencies to Thomas-Wise's alleged default and the resulting foreclosure proceeding. *Id*. at ¶ 14. The foreclosure proceeding is ongoing, Doc. 33-1 (foreclosure suit docket), although on September 17, 2014, Kondaur and Ira T. Nevel of the Law Offices of Ira T. Nevel, LLC, replaced PNC and Knopic/Pierce as the plaintiff and plaintiff's counsel, respectively. *Id*. at 1, 14; Doc. 40-2; *see also* Doc. 40 at 3 (response brief acknowledging Kondaur's and Nevel's substitutions in the foreclosure suit).

## Discussion

PNC, Kondaur/MERS, and Pierce (Knopic has not yet appeared, Doc. 45, but as he is a lawyer at Pierce, his interests doubtless coincide with his firm's) ask the court to dismiss the amended complaint or, alternatively, to abstain under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), in light of the parallel state court foreclosure suit.

If *Colorado River* abstention were "jurisdictional," it would be a threshold issue that the court would have to address before reaching the merits. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The court does not believe *Colorado River* abstention to be jurisdictional. *Colorado River* abstention exists "merely to serve the convenience of the federal courts or, to put a more prepossessing name to it, to avoid duplicative litigation." 17A Charles Alan Wright *et al*., *Federal Practice & Procedure* § 4247, p. 429 (3d ed. 2007). That sounds like a prudential rule, not a jurisdictional one. Supporting this view is the *Colorado River* opinion itself, which describes its abstention doctrine as an exception to "the virtually unflagging obligation of the federal courts to exercise *the jurisdiction given them*," 424 U.S. at 817 (emphasis added), and characterizes the pertinent inquiry as one that "assess[es] the appropriateness of dismissal in the event of an exercise of *concurrent jurisdiction*," *id*. at 818 (emphasis added). The italicized phrases suggest that

3

*Colorado River* abstention comes into play only after a federal court has otherwise assured itself of its subject matter jurisdiction. *See id*. at 817 ("the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction") (internal quotation marks omitted); *see also Kendall-Jackson Winery, Ltd. v. Branson*, 212 F.3d 995, 997 (7th Cir. 2000) (holding that the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Texas Railroad Comm'n v. Pullman Co.*, 312 U.S. 496 (1941), do not implicate subject matter jurisdiction); Joan Steinman, "After *Steel Co.*: 'Hypothetical Jurisdiction' in the Federal Appellate Courts," 58 *Wash. & Lee L. Rev.* 855, 867-68 (2001) ("Insofar as [abstention doctrines] are *not* jurisdictional in the relevant sense, courts … may continue to assume arguendo against them and address the merits first.") (footnote omitted). Also, the Seventh Circuit has said that a party may "waive[]" *Colorado River* abstention "by expressly urging the federal court to address the merits," *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996), which necessarily means that the doctrine is not jurisdictional, since jurisdictional matters cannot be waived. *See Boley v. Colvin*, 761 F.3d 803, 806 (7th Cir. 2014) (holding that a "jurisdictional" requirement "cannot be waived by the parties"); *Travelers Property Cas. v. Good*, (7th Cir. 2012) ("Jurisdictional objections cannot be forfeited or waived, of course, for this court has an independent obligation to satisfy itself that federal subject matter jurisdiction exists.") (internal quotation marks omitted). Accordingly, and because the court unquestionably has federal question jurisdiction over at least the FDCPA and FCRA claims under 28 U.S.C. § 1331, the court will tackle the merits first. And in light of the amended complaint's many deficiencies, which are addressed immediately below, the court will not reach the *Colorado River* issue at this juncture.

Kondaur and MERS urge dismissal on the ground that the amended complaint mentions neither of them. Doc. 33 at 4. Thomas-Wise agrees that MERS should be dismissed, and concedes that she neglected to allege any wrongful conduct by Kondaur. Doc. 40 at 3. A "complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the … claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (alteration in original). A complaint that does not mention a defendant's name, let alone allege its misconduct, obviously flunks this test. The claims against Kondaur and MERS are therefore dismissed. Thomas-Wise is, however, granted leave to file a second amended complaint naming Kondaur as a defendant.

PNC argues that it cannot be liable under the FDCPA because it is not a "debt collector" within the meaning of the statute. Doc. 36 at 6-7. Thomas-Wise alleges that Defendants violated 15 U.S.C. §§ 1692e ("A debt collector may not use any false, deceptive, or misleading representation") and 1692f ("A debt collector may not use unfair or unconscionable means") in attempting to collect the mortgage debt. Doc. 28 at ¶¶ 21-26. But the FDCPA's definition of "debt collector" specifically excludes "any person collecting or attempting to collect any debt … which was originated by such person." 15 U.S.C. § 1692a(6)(F)(ii). Because PNC (by merger with National City) undisputedly "originated" the loan to Thomas-Wise, it cannot be liable under the FDCPA—a point that Thomas-Wise concedes in her response brief. Doc. 40 at 3 (conceding "PNC's status as … legislatively immune from the FDCPA claim"); *see Ruth v. Triumph Partnerships*, 577 F.3d 790, 796 (7th Cir. 2009) ("The FDCPA distinguishes between debt collectors, who are subject to the statute's requirements, and creditors, who are not.").

In addressing the FDCPA claim, Pierce argues only that Thomas-Wise has not alleged anything to suggest that it used "unfair or unconscionable means" to collect a debt in violation of § 1692f. Doc. 38 at 3. That is true, but Thomas-Wise also alleges a violation of § 1692e, Doc. 28 at ¶ 24, which, among other proscriptions, prohibits making a "false representation of … the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). It is questionable whether Pierce's filings in the state court foreclosure suit could have violated § 1692e. *See O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) ("when read in light of the Act's purpose and numerous provisions, the prohibitions [in § 1692e] are clearly limited to communications directed to the consumer and do not apply to state judges"). But if Pierce represented *to Thomas-Wise*—say, in a pre-foreclosure effort to pressure her to pay up—that her loan had been accelerated in compliance with HUD regulations and § 9(d) of the mortgage agreement when in fact it had not been, that could potentially be a "false representation of … the character … or legal status of a[] debt." *Cf. Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007) (holding that a letter attempting to collect a debt that had been discharged in bankruptcy was "false" under § 1692e). Thomas-Wise does not, however, allege any such conduct on Pierce's part; instead, her allegations appear to rest solely on the filing of the foreclosure action and other legal proceedings, Doc. 28 at ¶¶ 10, 12-13, which, as just noted, may not be actionable under § 1692e. In addition, Thomas-Wise does not identify *which* HUD regulations the foreclosure action allegedly violates, or what actions Pierce allegedly took that breached the mortgage agreement.

These shortcomings ordinarily might be fatal to a claim, but it is not here because Pierce makes absolutely no argument urging dismissal of the § 1692e claim; it addresses only § 1692f. Docs. 38, 42. Nor does Pierce argue that Thomas-Wise's FDCPA claim as a whole is untimely.

Accordingly, the FDCPA claim against Pierce survives, at least for now. *See Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("The federal courts will not invent legal arguments for litigants."). If Pierce pursues the argument after Thomas-Wise files (or fails to timely file) a second amended complaint, the court will address whether the FDCPA claim against Pierce should be stayed or dismissed under *Colorado River*.

As for the FCRA claim, the amended complaint's only remotely relevant allegation is that "Defendants, individually and/or severally, reported the false claim of default and falsely filed foreclosure to the credit reporting agencies." Doc. 28 at ¶ 14. Thomas-Wise submits that this conduct violated 15 U.S.C. §§ 1681n, 1681o, and 1681q. *Id.* at ¶ 32. Two of those sections simply provide for civil liability for "fail[ing] to comply with any requirement imposed under this subchapter," without specifying any proscribed conduct. *See* 15 U.S.C. §§ 1681n ("Civil liability for willful noncompliance"), 1681o ("Civil liability for negligent noncompliance"). And § 1681q prohibits only "knowingly and willfully obtain[ing] information on a consumer from a credit reporting agency under false pretenses." 15 U.S.C. § 1681q. *Obtaining*, not reporting— yet Thomas-Wise alleges only that that PNC and/or Pierce *reported* the default and foreclosure to credit agencies, not the other way around. So the amended complaint does not state a plausible claim for relief under § 1681q. Thomas-Wise's brief does not argue (and her complaint does not allege) that Defendants violated any other provision of the FCRA, thus forfeiting any such argument for purposes of this motion. *See Cnty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 818 (7th Cir. 2006) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. Although the district court is required to consider whether a plaintiff could prevail under any legal theory or set of facts, it will

not invent legal arguments for litigants ….") (internal quotation marks and citation omitted, alteration in the original).

Last are the alleged violations of the U.N. Charter and the Universal Declaration of Human Rights. Neither is even binding law, much less provides a private right of action. *See Medellin v. Texas*, 552 U.S. 491, 519 (2008) ("We do not suggest that treaties can never afford binding domestic effect to international tribunal judgments—only that the U.N. Charter … do[es] not do so."); *Ruhaak v. C.I.R.*, 422 F. App'x 530, 532 (7th Cir. 2011) ("[T]he Universal Declaration of Human Rights is a statement of principles and not a treaty or international agreement imposing legal obligations.") (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004)). Those claims are therefore dismissed, and the dismissal is with prejudice because any attempt to replead would be futile.

Before concluding, the court notes that many of the amended complaint's allegations lump everyone together as "Defendants" instead of specifically identifying which defendant did what. *E.g.*, Doc. 28 at ¶¶ 8-10, 13-18, 22-26, 29-32, 46-48. The Seventh Circuit has recently held that this practice, long understood to be inadequate under Rule 9(b), is also inadequate under Rule 8(a). *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("[T]he problem the district court identified spoils the complaint as a matter of normal pleading standards. *Iqbal* and *Twombly* hold that a complaint must be dismissed unless it contains a plausible claim. Liability is personal. An allegation that *someone* looted a corporation does not propound a plausible contention that *a particular person* did anything wrong. The Rules of Civil Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility

8

must be dismissed."). The court will enforce this pleading standard should Thomas-Wise choose to file a second amended complaint.

## Conclusion

PNC's and MERS/Kondaur's motions to dismiss are granted in full, while Pierce's motion is granted as to all but the FDCPA claim. The claims under the U.N. Charter and Universal Declaration of Human Rights are dismissed with prejudice. Thomas-Wise is granted leave until March 6, 2015, to file a second amended complaint, which barring unforeseen circumstances will be her last opportunity to amend. If Thomas-Wise files a second amended complaint, all of the defendants named therein will have fourteen days to answer or otherwise plead, *see* Fed. R. Civ. P. 15(a)(3); if they otherwise plead, they may reassert their *Colorado River* arguments among any others they wish to make. If Thomas-Wise does not file a second amended complaint, Pierce and Knopic will have until March 20, 2015 to answer the amended complaint's FDCPA claim; Pierce and Knopic may also at any point thereafter move under Rule 12(c) for abstention under *Colorado River* or for dismissal on any available ground.

February 13, 2015

United States District Judge